## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

JACK B. BLUMENFELD
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

March 23, 2012

The Honorable Richard G. Andrews                                        *VIA ELECTRONIC MAIL*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801-3555

Re:   *Motorola Solutions, Inc. v. Round Rock Research, LLC*
        C.A. No. 1:12-cv-309-RGA
      *Round Rock Research, LLC. v. Macy's Retail Holdings, Inc.*
        C.A. No. 1:11-cv-01237-RGA
      *Round Rock Research, LLC. v. American Apparel, Inc.*
        C.A. No. 1:11-cv-01238-RGA
      *Round Rock Research, LLC. v. Dole Food Company, Inc.*
        C.A. No. 1:11-cv-01239-RGA
      *Round Rock Research, LLC. v. The Gap, Inc.*
        C.A. No. 1:11-cv-01241-RGA
      *Round Rock Research, LLC. v. Hanesbrands Inc.*
        C.A. No. 1:11-cv-01242-RGA
      *Round Rock Research, LLC. v. J.C. Penney Corporation, Inc.*
        C.A. No. 1:11-cv-01243-RGA
      *Round Rock Research, LLC. v. Pepsico, Inc.*
        C.A. No. 1:11-cv-01244-RGA
      *Round Rock Research, LLC. v. V.F. Corporation*
        C.A. No. 1:11-cv-01245-RGA
      *Round Rock Research, LLC. v. Amazon.com, Inc.*
        C.A. No. 1:11-cv-01279-RGA
      *Round Rock Research, LLC. v. Wal-Mart Stores, Inc.*
        C.A. No. 1:12-cv-00362-UNA

Dear Judge Andrews:

       We represent Plaintiff Motorola Solutions, Inc. ("MSI") in the above-referenced declaratory judgment action commenced last week against Round Rock Research, LLC ("Round Rock"). I write on behalf of MSI, as well as with the agreement of all the defendants in the above-reference cases (the "Customer Defendants") commenced by Round Rock. That group

The Honorable Richard G. Andrews
March 23, 2012
Page 2

includes Wal-Mart Stores, Inc. ("Wal-Mart"), which was sued by Round Rock on Tuesday of this week (the case has not yet been assigned, but it was designated a related case by Round Rock and we assume it likely that it will be assigned to Your Honor). The purpose of this letter is to request, on behalf of all the Customer Defendants, that the scheduling conference scheduled for March 28 in most of the above-referenced cases be adjourned to a date after the pleadings are completed in all the cases. As explained below, we believe that the greatest efficiencies can be achieved if the schedule in all the cases is coordinated.

By way of brief background, Round Rock commenced ten cases against companies that allegedly use radio frequency identification ("RFID") readers and tags in their businesses. RFID technology is used in a wide variety of contexts in which information is encoded on chips that are connected to antennas to form "tags", and which are then read by devices to retrieve the information. My client, MSI, is a leading manufacturer of RFID readers. To the best of MSI's knowledge, none of the Customer Defendants designs, manufacturers or sells any RFID tags or readers. Rather, Round Rock alleges that the Customer Defendants purchase RFID technology from others for use in the Customer Defendants' businesses. MSI has certain defense and indemnification obligations to its customers, and was asked by some of its customers to become involved in the above-referenced cases brought by Round Rock against them. Those requests led to MSI's commencement of its action last week seeking a declaratory judgment that Round Rock's asserted patents are not infringed and are invalid.

Round Rock's response to MSI's complaint is due on April 6. We anticipate that Round Rock will assert counterclaims for infringement against MSI, to which MSI will respond. Moreover, as noted above, Round Rock sued Wal-Mart on Tuesday of this week. The patents asserted against Wal-Mart include not only the five alleged RFID patents asserted against the Customer Defendants, but an additional five RFID patents. MSI is considering amending its complaint to add declaratory judgment counts with respect to those five additional RFID patents.

According to the docket, Wal-Mart was served on March 21. That will lead to an answer by Wal-Mart and, perhaps, counterclaims by it which will have to be answered by Round Rock.

Although the recently passed America Invents Act generally requires plaintiffs to file separate actions when it chooses to sue multiple defendants, both the Court and the parties appreciate that coordination of all the cases is essential to conserve judicial resources and the resources of the parties. The Court has set the scheduling conference in almost all the cases for the same date and time next week. Round Rock, in turn, sent the Customer Defendants a proposed Scheduling Order that is captioned in nine of the eleven customer cases and which includes discovery and scheduling matters that would treat the cases as if they were one, although they are not. We submit that adjourning the scheduling conference until the pleadings are complete is consistent with those goals. Round Rock is a non-practicing entity, and the relief it could recover in these cases is limited to monetary damages. Adjourning the conference until after the pleadings are completed imposes no prejudice on Round Rock.

The Honorable Richard G. Andrews
March 23, 2012
Page 3

Further, the Customer Defendants were just informed by Round Rock that it will seek to amend the complaints in all the cases to add the five additional patents asserted against Wal-Mart. It is not clear whether such amendments are permitted by the Rules without the Defendants' consent, but if the patents are added, there will be three more rounds of new pleadings, at a minimum. The Customer Defendants have likely not even reviewed the additional patents, and have not considered their impact on the proposed schedule. Certainly in light of these circumstances, adjournment of the scheduling conference is warranted until the pleadings are completed.

We sought consent from Round Rock to the postponement, which was declined. We are available to answer any questions the Court may have.

Thank you for your consideration.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld

JBB/dlb
cc:  Counsel for all parties (Via ECF)